UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHIVA STEIN,

        Plaintiff,

v.

ABM INDUSTRIES INCORPORATED,

        Defendant.

CIVIL ACTION NO. _____

---

## COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

### NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC").

2. Plaintiff, a shareholder of Defendant ABM Industries Incorporated ("ABM"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 3 in the 2018 Proxy Statement for the annual meeting of ABM shareholders scheduled for March 7, 2018("Proposal 3"). The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Proposal 3 requests that the shareholders approve the Amended and Restated 2006 Equity Incentive Plan (the "Plan"), which proposes to allow ABM to grant an additional 1,800,000 shares of common stock to Plan participants. But it is unclear how many participants

are in the plan and why they are receiving these awards. SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101. Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4. Proposal 3 of the 2018 Proxy Statement fails to disclose the approximate number of eligible participants and the basis of their participation in the Plan and is misleading as to the classes of persons who will be eligible to participate therein.

5. Thus, the 2018 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

7. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

9.  Plaintiff is, and has been continuously since June 2014, a holder of ABM common stock.

10. ABM is a corporation organized under the laws of the State of Delaware with headquarters located at 551 Fifth Avenue, Suite 300, New York, NY 10176. The Company's last fiscal year ended October 31, 2017. As of December 7, 2017, it had 65,514,281shares of common stock outstanding. ABM's common stock is traded on the New York Stock Exchange under the symbol ABM. ABM engages in the provision of facility services for commercial, industrial, and institutional buildings.

## WRONGFUL ACTS AND OMISSIONS

11. ABM has scheduled the annual shareholders' meeting for March 7, 2018. On February 7, 2018, it furnished its shareholders with the 2018 Proxy Statement to solicit their proxies for four management proposals and to transact other business that may properly come before the annual meeting.

12. Proposal 3 requests that the shareholders approve the Plan, which ABM will be able to use to grant non-qualified stock options, stock appreciation rights, restricted stock, restricted share units, cash awards, performance awards or any combination of to participants in the Plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for ABM stockholders to understand how many participants there are in the plan or why they are eligible for such shares.

13. Because Proposal 3 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2018 Proxy Statement to disclose certain information concerning the Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101

states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a)     Plans subject to security holder action.
>
> (1)     Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2018 Proxy Statement omits these disclosures.

14.     Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 3, under the heading Eligibility, tells stockholders the following:

> Eligible Participants
>
> Employees and directors of the Company and its affiliates, including all of ABM's executive officers and nonemployee directors.

Proxy Statement at 51.

15.     The above paragraph describes merely the classes of persons, but not how many persons in each class, and not the basis of participation. As Judge Irizarry stated, the "basis for eligibility" is not the same as the "basis for participation." *Stein v. Raymond James Financial, Inc.*, 1:16-cv-00379-DLI-JO (S.D.N.Y.).

16.     Similarly, the Proxy Statement fails to include the number of non-employee directors. This information is important for a shareholder especially since non-employee directors will be eligible to receive discretionary awards.

17.     The Plan itself, annexed to the 2018 Proxy Statement as Appendix B, discusses eligibility. Section 5 provides that the "Awards may be granted to Employees or Directors.

4

Notwithstanding the foregoing, only employees of the Company and its Subsidiaries may be granted Incentive Stock Options." Proxy at B-5.

18. Nowhere in the 2018 Proxy Statement does ABM disclose the number of "Employees and Directors." Indeed, according to the text of the Plan, the definition of "Employee" is very broad:

> "Employee" means an individual employed by the Company or an Affiliate (within the meaning of Code Section 3401 and the regulations thereunder).

Proxy Statement at B-2.

19. Equally broad are the definitions for "Affiliate"

> "Affiliate" means any entity, whether a corporation, partnership, joint venture or other organization that directly, or indirectly through one or more intermediaries, controls, is controlled by or is under common control with the Company.

*Id.* at B-1.

20. Thus, it is entirely unclear from the 2018 Proxy Statement how many participants will be awarded the compensation from the Plan that stockholders are being asked to approve or the basis of their receipt of such awards.

21. This contravention of the SEC rules renders the 2018 Proxy Statement unlawful under § 14(a) of the Exchange Act.

22. The Plan allows for an additional 1,800,000 authorized shares of Common Stock to be available for awards immediately after the stockholder vote.

23. The preceding paragraphs state a direct claim for relief against ABM under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

24. As a result of these actions, plaintiff will be injured, and she has no adequate

5

remedy at law. She will suffer irreparable harm on Proposal 3 if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for an additional 1,800,000 shares to be granted to an unknown number of "employees, and directors" of ABM and its "affiliates" immediately after this vote. Unwinding these awards would be impossible.

25. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) of Schedule 14A with regard to Proposal 3.

26. Consequently, ABM should be enjoined from presenting Proposal 3 for a stockholder vote at the March 7, 2018 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any ABM shareholder in connection with Proposal 3 in the 2018 Proxy Statement.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

    A.     A preliminary and permanent injunction, enjoining ABM from:

        (i)     certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any ABM shareholder in connection with Proposal 3 in the 2018 Proxy Statement;

        (ii)     presenting Proposal 3 for a shareholder vote at the March 7, 2018 annual meeting;

    B.     A preliminary and permanent injunction requiring ABM to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1) and cured of material disclosure defects pursuant to 15 U.S.C. § 78n(a).

6

      C.    Awarding such other and further relief as this Court deems just and proper.

Dated: February 9, 2018

                              **WOLF HALEDNSTEIN ADLER FREEMAN & HERZ LLP**

                              By: /s/ *Gloria Kui Melwani*
                              Gloria Kui Melwani
                              270 Madison Avenue
                              New York, NY 10016
                              Telephone: (212) 545-4600
                              Facsimile: (212) 686-0114

                              *Attorneys for Plaintiff*